UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID FROHWERK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-CV-1398 JD |
| v. ) | |
| ) | |
| MARK LEVENHAGEN, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

David Frohwerk, a *pro se* prisoner, filed a document captioned, "Plaintiff's Motion for Emergency Preliminary Injunction" in which he asks this court to appoint a Special Master to diagnose his hand injury. This is not the first time that Frohwerk has raised a claim related to his hand. In *Frohwerk v. Liaw*, 3:13-cv-938 (N.D. Ind. filed September 6, 2013), he sought injunctive relief to obtain medical treatment for his hand. In that case, the defendants submitted 17 pages of medical records demonstrating medical treatment that he had received in 2013. Then on September 24, 2013, Frohwerk filed a motion asking to dismiss that case because he had received medical treatment.

Pursuant to Federal Rule of Civil Procedure 53, the court may appoint a special master only for very limited purposes. Independently diagnosing a medical condition in a case like this would not be an appropriate use of Rule 53. What Frohwerk is really asking for is a court appointed medical expert pursuant to Federal Rule of Evidence 706. However, neither selecting a Special Master nor appointing a medical expert can be properly described as an emergency nor achieved via a preliminary injunction. Moreover, before either procedure could be utilized – and before a preliminary injunction can issue – it is first necessary to have a complaint which states a claim. *See*

*Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits [of the complaint].") Here, Frohwerk has not yet filed a complaint.

Nevertheless, "[a] document filed *pro se* is to be liberally construed" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted), therefore the court has construed this motion as a complaint to determine whether it might state a claim. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In the caption of this filing, the only named defendant is Superintendent Mark Levenhagen, but it is clear that Frohwerk's dispute is with his medical providers. He alleges that he has a painful hand injury that is not getting better and may be deteriorating. He alleges that his medical providers are paid by the State of Indiana and have an incentive to reduce the cost of his care. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). A prisoner is "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Based on the allegations here, it is clear that Frohwerk disagrees with the treatment he is receiving. It is clear that he believes that it is too infrequent and too ineffective. It is clear that he wants different treatment. However, he has not plausibly alleged that his treatment is "a substantial departure from accepted professional judgment, practice, or standards" and therefore has not yet stated a claim.

Nevertheless, even though the motion for a preliminary injunction must be denied, that does not mean that Frohwerk may not be able to file a complaint which does state a claim. Therefore the clerk will send him a Prisoner Complaint packet. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For the foregoing reasons, the court:

(1) **DENIES** the request for a preliminary injunction (DE 1);

(2) **DIRECTS** the clerk to send David Frohwerk a Prisoner Complaint packet;

(3) **GRANTS** David Frohwerk until January 30, 2014, to submit a complaint with the necessary paperwork; and

(4) **CAUTIONS** David Frohwerk that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

ENTERED: December 27, 2013

                                                             s/ Jon E. DeGuilio
                                                             Judge
                                                             United States District Court